IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD E. ABBOTT                                                                      PLAINTIFF


v.                                          NO. 15-5047


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Ronald E. Abbott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on June 14, 2013, and June 17, 2013, respectively, alleging an inability to work since May 31, 2013, due to degenerative disc disease in the lower lumbar spine. (Tr. 57, 152, 156). An administrative video hearing was held on April 4, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 25-54).

By written decision dated August 1, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension,

degenerative disc disease of the lumbar spine, a herniated nucleus pulposus, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16-17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a security guard and a special shopper. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on December 11, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial

2

evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v.

Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner.  The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action.  See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992).  At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council consists of treatment notes completed by Dr. Mary F. Daut, of Optimal Pain & Wellness, as well as a letter from Plaintiff's treating physician, Dr. Marianela Lavena.  (Tr. 7, 302-320).  Dr. Daut noted that Plaintiff reported that his back pain interfered with his general activity, and was aggravated by bending, climbing stairs, lifting objects, sitting, standing for long periods of time, and walking. Examination notes completed by Dr. Daut reveal that Plaintiff had limited range of motion of

4

the lumbar spine, and tenderness to palpation of the paraspinals.  The Court also notes that one of the ALJ's reasons for discounting Plaintiff's credibility with respect to his level of pain was the fact that the record failed to show that Plaintiff had undergone the recommended neurosurgical evaluation.  (Tr. 18).  The additional evidence submitted from Dr. Daut reveals that Plaintiff must have tried to see a neurosurgeon as these notes indicate that Plaintiff's insurance would not pay for a neurosurgical exam until after he had first tried therapy, which Dr. Daut planned to prescribe once Plaintiff's pain was under better control.  Plaintiff also submitted a letter from Dr. Lavena, one of his treating physicians from the Community Clinic.  In this letter, Dr. Lavena opines that Plaintiff cannot lift more than 10-20 pounds and cannot walk more than 100 feet without stopping due to back pain.  This letter seems to mirror the limitations noted in a treatment note dated March 21, 2014, which was not specifically addressed in the hearing decision.  (Tr. 303).  Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different.  Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed

5

and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of March, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE